## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| UVONNE S. HARRIS | ) | |
| | ) | |
| Plaintiff, | ) | NO. 1:17-cv-05306-CAP-JKL |
| v. | ) | |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC; NAVIENT | ) | |
| SOLUTIONS, LLC, and UNITED | ) | |
| STATES DEPARTMENT OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANT NAVIENT SOLUTIONS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant NAVIENT SOLUTIONS, LLC ("Navient" or "NSL"), by counsel and, pursuant to the Order(s) [by docket entry only] extending the time for Navient to respond to Plaintiff's Complaint [Doc. 4, Doc. 9] and the Federal Rules of Civil Procedure, timely states as follows for its Answer and Affirmative Defenses in response to the Complaint [Doc. 1] filed by the Plaintiff, Uvonne S. Harris ("Plaintiff"), respectfully showing this honorable Court as follows:

## AS TO I. INTRODUCTION

1.     The statements in Paragraph 1 are conclusions of law to which no response is required; to the extent a response is required, NSL denies the

allegations.  NSL denies that Plaintiff is entitled to any relief from NSL under any theory.

2.     To the extent the allegations in Paragraph 2 are directed at NSL, NSL denies them.  To the extent these allegations are directed at entities other than NSL, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, NSL denies the allegations.

## AS TO II. JURISDICTION AND VENUE

3.     The statements in Paragraph 3 are conclusions of law to which no response is required; to the extent a response is required, NSL denies the allegations.

4.     In response to the allegations in Paragraph 4, NSL states that it does not contest venue.  The remaining statements in Paragraph 4 are conclusions of law to which no response is required; to the extent a response is required, NSL denies the allegations.

## AS TO III. PARTIES

5.     In response to the allegations in Paragraph 5, NSL admits only that Plaintiff is a natural person.  NSL lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 5 and,

therefore, NSL denies the allegations.  Except as specifically admitted above, NSL denies any remaining allegations in Paragraph 5.

6.      The allegations in Paragraph 6 are directed at entities other than NSL and therefore require no response.  To the extent a response is required, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, NSL denies the allegations.

7.      The allegations in Paragraph 7 are directed at entities other than NSL and therefore require no response.  To the extent a response is required, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, NSL denies the allegations.

8.      The allegations in Paragraph 8 are directed at entities other than NSL and therefore require no response.  To the extent a response is required, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, NSL denies the allegations.

9.      In response to the allegations in Paragraph 9, NSL admits only that NSL is a Delaware limited liability company and that its principal place of business is in Reston, VA.  The remaining allegations in Paragraph 9 constitute conclusions of law to which no response is required.  To the extent a response is

required, NSL denies the allegations.  Except as specifically admitted above, NSL denies any remaining allegations in Paragraph 9.

10.    The statements in Paragraph 10 are conclusions of law to which no response is required; to the extent a response is required, NSL denies the allegations.

11.    The statements in Paragraph 11 are conclusions of law to which no response is required; to the extent a response is required, NSL denies the allegations.

12.    The allegations in Paragraph 12 are directed at entities other than NSL and therefore require no response.  To the extent a response is required, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, NSL denies the allegations.

## AS TO IV. FACTS

13.    In response to the allegations in Paragraph 13, NSL admits only that Plaintiff is a natural person.  NSL lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 13 and, therefore, NSL denies the allegations.

14.     The statements in Paragraph 14 are conclusions of law to which no response is required; to the extent a response is required, NSL denies the allegations.

15.     NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, NSL denies the allegations.

16.     NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, NSL denies the allegations.

17.     NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, NSL denies the allegations.

18.     NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, NSL denies the allegations.

19.     NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, NSL denies the allegations.

20.    NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, NSL denies the allegations.

21.    The allegations in Paragraph 21 concern the content of a written document which speaks for itself, and NSL denies any allegations that are inconsistent with the content of that document.  Except as specifically admitted, NSL denies any remaining allegations in Paragraph 21.

22.    The allegations in Paragraph 22 concern the content of a written document which speaks for itself, and NSL denies any allegations that are inconsistent with the content of that document.  Except as specifically admitted, NSL denies any remaining allegations in Paragraph 22.

23.    The allegations in Paragraph 23 are directed at entities other than NSL and therefore require no response.  To the extent a response is required, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, NSL denies the allegations.

24.    NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, NSL denies the allegations.

25.    NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, NSL denies the allegations.

26.    NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, NSL denies the allegations.

27.    To the extent the allegations in Paragraph 27 are directed at NSL, NSL admits only that NSL has  communicated with Plaintiff regarding the student loans at issue.   Except as specifically admitted, NSL denies any remaining allegations in Paragraph 27.

28.    To the extent the allegations in Paragraph 28 are directed at NSL, NSL denies the allegations.   To the extent the allegations in Paragraph 28 are directed at entities other than NSL, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, NSL denies the allegations.

29.    To the extent the allegations in Paragraph 29 are directed at NSL, NSL denies the allegations.   To the extent the allegations in Paragraph 29 are directed at entities other than NSL, NSL lacks sufficient knowledge or information

to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, NSL denies the allegations.

30.     NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, NSL denies the allegations.

31.     NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, NSL denies the allegations.

32.     NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, NSL denies the allegations.

33.     In response to the allegations in Paragraph 33, NSL admits only that NSL received and responded to ACDVs regarding Plaintiff's account.   These ACDVs are written documents, which speak for themselves, and NSL denies any allegations or characterizations inconsistent with true, accurate, and complete copies of these documents.   To the extent the allegations in Paragraph 33 are directed to the Department of Education, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and,

therefore, NSL denies the allegations.  Except as specifically admitted, NSL denies any remaining allegations in Paragraph 33.

34.    The statements in Paragraph 34 are conclusions of law to which no response is required; to the extent a response is required, NSL denies the allegations.

35.    In response to the allegations in Paragraph 35, NSL admits only that NSL responded to ACDVs regarding Plaintiff's account.  These ACDVs and NSL's responses thereto are written documents, which speak for themselves, and NSL denies any allegations or characterizations inconsistent with true, accurate, and complete copies of these documents.  To the extent the allegations in Paragraph 35 are directed to the Department of Education, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, NSL denies the allegations.  Except as specifically admitted, NSL denies any remaining allegations in Paragraph 35.

36.    NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, NSL denies the allegations.

37.     NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, NSL denies the allegations.

38.     NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, NSL denies the allegations.

## AS TO V. CAUSES OF ACTION

### *I. VIOLATIONS OF THE FCDPA BY NAVIENT*
*[15 U.S.C. §§ 1692 et seq.]*

39.     In response to Paragraph 39, NSL restates its responses to the preceding paragraphs as if fully set forth below.

40.     NSL denies the allegations in Paragraph 40.

41.     NSL denies the allegations in Paragraph 41.

42.     The statements in Paragraph 42 are conclusions of law to which no response is required; to the extent a response is required, NSL denies the allegations.

43.     The statements in Paragraph 43 are conclusions of law to which no response is required; to the extent a response is required, NSL denies the allegations.

44.     NSL denies the allegations in Paragraph 44.

45.    NSL denies the allegations in Paragraph 45.

46.    NSL denies the allegations in Paragraph 46.

47.    NSL denies the allegations in Paragraph 47.

48.    NSL denies the allegations in Paragraph 48.

## II. VIOLATIONS OF THE FCRA BY NAVIENT
### [15 U.S.C. §§ 1681s-2(b)]

49.    In response to Paragraph 49, NSL restates its responses to the preceding paragraphs as if fully set forth below.

50.    NSL denies the allegations in Paragraph 50.

51.    NSL denies the allegations in Paragraph 51.

52.    NSL denies the allegations in Paragraph 52.

53.    The statements in Paragraph 53 are conclusions of law to which no response is required; to the extent a response is required, NSL denies the allegations.

## III. VIOLATIONS OF THE FCRA BY EQUIFAX
### [15 U.S.C. §§ 1681i and 1681e(b)]

54.    In response to Paragraph 54, NSL restates its responses to the preceding paragraphs as if fully set forth below.

55.    The allegations in Paragraph 55 are directed at entities other than NSL and therefore require no response.  To the extent a response is required, NSL lacks

sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, NSL denies the allegations.

56.     The allegations in Paragraph 56 are directed at entities other than NSL and therefore require no response.  To the extent a response is required, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 and, therefore, NSL denies the allegations.

57.     The allegations in Paragraph 57 are directed at entities other than NSL and therefore require no response.  To the extent a response is required, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 and, therefore, NSL denies the allegations.

58.     The allegations in Paragraph 58 are directed at entities other than NSL and therefore require no response.  To the extent a response is required, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 and, therefore, NSL denies the allegations.

59.     The allegations in Paragraph 59 are directed at entities other than NSL and therefore require no response.  To the extent a response is required, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, NSL denies the allegations.

## IV. VIOLATIONS OF THE FCRA BY THE DEPARTMENT OF EDUCATION
### [15 U.S.C. §§ 1681s-2(b)]

60.     In response to Paragraph 60, NSL restates its responses to the preceding paragraphs as if fully set forth below.

61.     The allegations in Paragraph 61 are directed at entities other than NSL and therefore require no response.  To the extent a response is required, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, NSL denies the allegations.

62.     The allegations in Paragraph 62 are directed at entities other than NSL and therefore require no response.  To the extent a response is required, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 and, therefore, NSL denies the allegations.

63.     The allegations in Paragraph 63 are directed at entities other than NSL and therefore require no response.  To the extent a response is required, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 and, therefore, NSL denies the allegations.

64.     The allegations in Paragraph 64 are directed at entities other than NSL and therefore require no response.  To the extent a response is required, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 and, therefore, NSL denies the allegations.

65.     The allegations in Paragraph 65 are directed at entities other than NSL and therefore require no response.  To the extent a response is required, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, NSL denies the allegations.

66.     The allegations in Paragraph 66 are directed at entities other than NSL and therefore require no response.  To the extent a response is required, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 and, therefore, NSL denies the allegations.

67.     The allegations in Paragraph 67 are directed at entities other than NSL and therefore require no response.  To the extent a response is required, NSL lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, NSL denies the allegations.

## AS TO VI. TRIAL BY JURY

68.     The statements in Paragraph 68 are conclusions of law to which no response is required; to the extent a response is required, NSL denies the allegations.

69.     NSL denies all allegations in the Complaint except those expressly admitted in the preceding paragraphs.

## AS TO VII. PRAYER FOR RELIEF

In response to the unnumbered Prayer for Relief following Paragraph 68, NSL denies that Plaintiff is entitled to any relief from NSL or any relief whatsoever, under any theory.  NSL denies all allegations not expressly admitted in the foregoing paragraphs.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief may be granted as to Plaintiff.

2.      To the extent that Plaintiff may have suffered any damages as alleged in the Complaint, which NSL denies, such damages have been and will be proximately caused, in whole or in part, by the acts or omissions of persons other than NSL, over whom NSL had no control, and for whose conduct NSL is not responsible, which bars or diminishes any recovery by Plaintiff against NSL.

3.      Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to mitigate her damages.

4.      Plaintiff's claims are barred because her responsibility for the student loans at issue has not been discharged in accordance with the procedures set forth under the Higher Education Act of 1965 as amended ("HEA") and applicable U.S. Department of Education regulations.

5.      Plaintiff's claims may be barred by the statute of limitations and/or statute of frauds.

6.      Plaintiff's claims are barred, in whole or in part, to the extent the consumer reporting agencies failed to notify NSL of Plaintiff's alleged disputes, pursuant to 15 U.S.C. § 1681s-2(b).

7.      NSL has complied with the FCRA and is entitled to each and every defense stated in the FCRA and any and all limitations of liability.

8.      NSL's statements, if any, concerning Plaintiff were true or substantially true.

9.      NSL has at all times acted in good faith to assure the accuracy of information concerning Plaintiff.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

11.     Plaintiff's claims are barred, in whole or in part, because of ratification, agreement, acquiescence, or consent to the alleged conduct of NSL.

12.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff did not sustain any loss.

13.     Plaintiff's claims for damages are speculative and form no basis for recovery.

14.     Plaintiff's own acts constitute a superseding, intervening cause of her damages, injuries and losses, if any.

15.     No action or inaction on the part of NSL, its agents, servants, employees, or representatives caused or contributed in any manner to the damages, injuries, and losses alleged in Plaintiff's Complaint.

16.     NSL did not commit any intentional, willful, or malicious acts.

17.     Plaintiff's alleged injuries (emotional, psychological, and otherwise) are unrelated to the alleged conduct by NSL, and resulted from acts, occurrences, and conditions for which NSL is not liable or responsible.

18.     With respect to Plaintiff's demands for punitive damages, NSL incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

19.     NSL is not a "debt collector" as the FDCPA defines that term.

20.     NSL reserves the right to assert additional affirmative defenses as may become known or available to it.

WHEREFORE, Defendant Navient Solutions, LLC requests that the Court enter judgment in its favor and decline to grant to Plaintiff any of the relief that she has requested.

Dated: March 2, 2018          Respectfully submitted,

/s/ Monica K. Gilroy
MONICA K. GILROY
monica.gilroy@gilroyfirm.com
Georgia Bar No. 427520
MATTHEW F. TOTTEN
matthew.totten@gilroyfirm.com
Georgia Bar No. 798589
THE GILROY FIRM
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax: (678) 280-1923
**Attorneys for Defendant**
**Navient Solutions, LLC**

## **CERTIFICATION**

The undersigned counsel for Defendant Navient certifies that the within and foregoing Navient Solutions, LLC's Answer and Affirmative Defenses to Plaintiff's Complaint was in 14-point Times New Roman font and complies with margin and type requirements of this Court. LR 5.1 (N.D. Ga.).

This 2nd day of March, 2018.

/s/ Monica K. Gilroy
MONICA K. GILROY
monica.gilroy@gilroyfirm.com
Georgia Bar No. 427520
**Attorney for Defendant**
**Navient Solutions, LLC**

THE GILROY FIRM
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax: (678) 280-1923

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

UVONNE S. HARRIS                    )
                                    )
        Plaintiff,               )          NO. 1:17-cv-05306-CAP-JKL
v.                                  )
                                    )
EQUIFAX INFORMATION                 )
SERVICES, LLC, *et al.,*            )
                                    )
        Defendants.              )
_____)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, in accordance with LR 5.1A (N.D. Ga.), I have this date electronically filed the within and foregoing **DEFENDANT NAVIENT SOLUTIONS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** in the above-styled civil action with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record as follows:

> Christopher Neil Armor, Esq.
> chris.armor@armorlaw.com
> ARMOR LAW, LLC
> 160 Clairemont Avenue, Suite 200
> Decatur, Georgia 30030
>       *Counsel for Plaintiff*

Kendall W. Carter, Esq.
kcarter@sklaw.com
Meryl W. Roper, Esq.
mroper@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street NE, 38th Floor
Atlanta, Georgia 30309-3521
 *Counsel for Defendant*
 *Equifax Information Systems, LLC*

This 2nd day of March, 2018.

   /s/ Monica K. Gilroy
   MONICA K. GILROY
   Georgia Bar No. 427520
   **Attorney for Defendant**
   **Navient Solutions, LLC**

THE GILROY FIRM
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022
Tel:  (678) 280-1922
Fax: (678) 280-1923
Email: monica.gilroy@gilroyfirm.com